# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOFOFORA EVA CONTRERAZ, NATALIE ALVAREZ, and JESSICA WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>DIRECTOR OF CDCR, et al.,<br><br>Defendants. | 1:11-cv-01222-GSA-PC<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK'S OFFICE TO OPEN NEW ACTIONS FOR PLAINTIFFS NATALIE ALVAREZ AND JESSICA WILLIAMS<br><br>THIRTY DAY DEADLINE FOR ALL THREE PLAINTIFFS TO EACH FILE AN AMENDED COMPLAINT IN THEIR OWN CASES (Resolves Doc. 7.)<br><br>THIRTY DAY DEADLINE FOR PLAINTIFFS CONTRERAZ AND WILLIAMS TO SIGN AND RETURN THE CONSENT/DECLINE FORM IN THEIR OWN CASES |

## I. PROCEDURAL HISTORY

Plaintiffs, Lofofora Eva Contreraz, Natalie Alvarez, and Jessica Williams ("Plaintiffs") are state prisoners proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff Lofofora Eva Contreraz is presently incarcerated at High Desert State Prison in Susanville, California. Plaintiff Natalie Alvarez is presently incarcerated at Patton State Hospital in Patton, California. And Plaintiff Jessica Williams is presently incarcerated at Corcoran State Prison in Corcoran, California. The three Plaintiffs filed the Complaint commencing this action on July 25, 2011, against defendants Director of CDCR, K. Allison (Warden), and Dr. Enemoh (CMO). (Doc. 1.)

1

1    On August 24, 2011, the Court granted Plaintiff Jessica Williams leave to proceed in forma pauperis. (Doc. 5.) On September 6, 2011, Plaintiff Lofofora Eva Contreraz filed a motion to amend the Complaint, which is now pending. (Doc. 7.) On September 21, 2011, the Court granted Plaintiff Lofofora Eva Contreraz leave to proceed in forma pauperis. (Doc. 11.) On October 31, 2011, Plaintiff Natalie Alvarez consented to the jurisdiction of a Magistrate Judge. (Doc. 16.) On May 14, 2012, the Court granted Plaintiff Natalie Alvarez leave to proceed in forma pauperis. (Doc. 17.)

**II.     SEVERANCE OF CLAIMS**

After reviewing the Complaint, the Court has determined that each Plaintiff should proceed separately on his or her own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the party may at any time, on just terms, add or drop a party ... or sever any claim against a party." Fed. R. Civ. P. 21.   Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

In the Court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to delay and confusion. Therefore, Plaintiffs' claims shall be severed, Plaintiff Lofofora Eva Contreraz shall proceed as the sole plaintiff in this action, and new actions shall be opened for Plaintiffs Natalie Alvarez and Jessica Williams. Gaffney v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir. 2006). Each Plaintiff shall be solely responsible for prosecuting his or her own action.

Since the claims of the Plaintiffs will be severed, each of the three Plaintiffs shall be given thirty days to file, in his or her own action, an amended complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" Plaintiffs

must each demonstrate in their individual amended complaints how the conditions complained of resulted in a deprivation of their constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Each Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. Each amended complaint must specifically state how each defendant is involved. Each Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his or her rights. Jones v. Williams, 297 F.3d, 930, 934 (emphasis added).

Plaintiffs should note that although they have been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after July 25, 2011. In addition, Plaintiffs should take care to include only those claims that have been exhausted prior to the initiation of this suit on July 25, 2011.

Finally, Plaintiffs are advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Each First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

**III.    ORDER**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Lofofora Eva Contreraz shall proceed as the sole plaintiff in case number 1:11-cv-01222-GSA-PC;

2. The claims of Plaintiffs Natalie Alvarez and Jessica Williams are severed from the claims of Plaintiff Lofofora Eva Contreraz ;

3. The Clerk of the Court is directed to:
   a. Open separate civil actions for Plaintiffs Natalie Alvarez and Jessica Williams;
   b. Assign the new actions to the Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;
   c. File and docket a copy of this order in the new actions opened for Plaintiffs Natalie Alvarez and Jessica Williams;
   d. Place a copy of the Complaint, filed on July 25, 2011 in the instant action (Doc. 1.), in the new actions opened for Plaintiffs Natalie Alvarez and Jessica Williams;
   e. Send each of the three Plaintiffs an endorsed copy of the Complaint, filed July 25, 2011 (Doc. 1.), bearing the case number assigned to his or her own individual action;
   f. Send each of the three Plaintiffs a § 1983 civil rights complaint form; and
   g. Send a form for consent/decline of Magistrate Judge jurisdiction to Plaintiffs Lofofora Eva Contreraz and Jessica Williams, bearing the case number assigned to his or her own individual action;
4. Within **thirty (30) days** from the date of service of this order, the three Plaintiffs shall each file an amended complaint bearing his or her own case number;
5. Each amended complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury;
6. Within **thirty (30) days** from the date of service of this order, Plaintiffs Lofofora Eva Contreraz and Jessica Williams shall each sign and return the form for consent/decline of Magistrate Judge jurisdiction in their own cases;
7. This order resolves the motion to amend filed by Plaintiff Lofofora Eva Contreraz in the instant action on September 6, 2011 (Doc. 7); and

8. <u>The failure to comply with this order will result in a recommendation that the action be dismissed</u>.

IT IS SO ORDERED.

Dated:   **May 21, 2012**               **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE